UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED GENETICS SEEDS COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZHANGYE XINZE AGRICULTURAL DEVELOPMENT CO., LTD,<br><br>　　　　Defendant. | Case No.  5:15-cv-02096-EJD<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 30 |

　　　　In this action for declaratory judgment, Plaintiff United Genetics Seed Company ("Plaintiff") alleges it owes nothing under a contract asserted against it by Defendant Zhangye Xinze Agricultural Development Co., Ltd. ("Defendant").  Presently before the court is Morrison & Foerster's ("MoFo") motion to withdraw as counsel for Defendant.  Dkt. No. 30.  Plaintiff opposes the motion.

　　　　The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having carefully considered the parties' papers in conjunction with the record, the court finds, concludes, and orders as follows:

　　　　1.　　Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."   In addition, the conduct of counsel appearing in this district is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1).

　　　　2.　　California Rule of Professional Conduct 3-700(C) provides several grounds upon which counsel may withdraw.  To that end, Rule 3-700(C) permits counsel to withdraw if the

1

Case No.: 5:15-cv-02096-EJD
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively," or "breaches an agreement or obligation to the member as to expenses or fees." Rules of Prof'l Conduct of the State Bar of Cal. 3-700(C)(1)(d), (f). Another rule, however, forbids withdrawal "until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Rules of Prof'l Conduct of the State Bar of Cal. 3-700(A)(2).

3. Courts generally consider several factors when deciding whether to permit the withdrawal of counsel, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." Atkins v. Bank of Am., N.A., No. 15-cv-00051-MEJ, 2015 U.S. Dist. LEXIS 89360, at *3, 2015 WL 4150744 (N.D. Cal. July 9, 2015). Ultimately, permission to withdraw is a discretionary decision. See LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

4. Having considered the relevant factors, the court finds that permitting MoFo to withdraw is appropriate. In the declaration filed in support of the motion, MoFo states it seeks to withdraw because Defendant "is in significant arrears in its payments" and has not paid a retainer despite weekly requests by MoFo to fulfill its contractual obligations with the firm. It is certainly interesting that MoFo would choose to take action on behalf of a client for which it had yet to receive payment. Nevertheless, non-payment of contractual fees is notably one of the reasons for permissive withdrawal enumerated in Rule 3-700(C). In addition, MoFo states that it provided Defendant with notice with its intent to withdraw on April 1, 2016, which the court finds amounts to due notice under Rule 3-700(A) and allows sufficient time for the employment of other counsel.

5. Although Plaintiff argues otherwise, any delay from withdrawal will likely be minimal. While it is true that the initial Case Management Conference scheduled for the same date as the motion to withdraw will need to be reset given Defendant's anticipated status as an unrepresented corporation, that hearing and its associated pre-hearing deadlines are the only ones affected. And for this reason, no harm is done to the administration of justice.

6. Moreover, the possible prejudice to Plaintiff is unsubstantial.  Outside of the delay previously addressed, Plaintiff has not stated how it believes MoFo's withdrawal from representation is otherwise detrimental.

Based on the foregoing, MoFo's motion to withdraw as counsel for Defendant is GRANTED.

As both parties recognize, Defendant cannot appear in this court without an attorney to represent the corporate entity.  See United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.").  The court therefore orders Defendant to retain new counsel on or before **July 25, 2016**.  Any newly retained counsel shall promptly file a notice of appearance in this action.  Defendant is advised that failure to retain counsel within the timeframe provided could result in adverse consequences, including an order striking its answer, entry of default and default judgment.

Pursuant to Civil Local Rule 11-5(b), MoFo shall remain as counsel of record until July 25, 2016, for the purposes of receiving and providing legal documents to Defendant unless another attorney appears prior to the expiration of that period.  MoFo shall serve a copy of this order on Defendant and file a certification of service demonstrating that such service has been completed within three days of the date this order is filed.

The Case Management Conference scheduled for June 30, 2016, is CONTINUED to **10:00 a.m. on August 25, 2016**.  The parties shall file an updated Joint Case Management Conference Statement on or before **August 18, 2016**.

**IT IS SO ORDERED.**

Dated:  June 24, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-02096-EJD
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

3