UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED GENETICS SEEDS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ZHANGYE XINZE AGRICULTURAL DEVELOPMENT CO., LTD,<br><br>Defendant. | Case No. 5:15-cv-02096-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE ANSWER, ENTER DEAFULT AND FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 35, 36 |

This is a case about defective seeds. According to the Complaint, Plaintiff United Genetics Seeds Company ("Plaintiff") entered into contracts in 2011 and 2012 with Defendant Zhangye Xinze Agricultural Development Co., Ltd. ("Defendant") for the production of melon, tomato, watermelon, cucumber and squash seeds. Plaintiff sold the seeds to its customers, but some of the seeds were defective. As a result, Plaintiff alleges it was damaged because it was required to compensate customers and could not continue selling the defective seeds. Plaintiff eventually reached a settlement with Defendant, whereby Plaintiff would not pay for the seeds delivered in 2012 and would not seek recovery for losses from Defendant. But despite the settlement, Plaintiff alleges Defendant continued to demand payment for the 2012 seeds, and demanded payment on a contract for seeds that Plaintiff did not order. It subsequently filed this action for declaratory relief and seeks a determination that it owes nothing under the purported contract Defendant produced as a basis for its demand.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Presently before the court is Plaintiff's motion to strike Defendant's Answer, for entry of its default, and for default judgment, which is unopposed. Dkt. Nos. 35, 36. This matter is suitable for decision without oral argument

pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for September 22, 2016, is VACATED.  Having carefully considered the moving papers in conjunction with the record, the court finds, concludes, and orders as follows:

1. Under its inherent equitable powers, a court may strike a party's Answer and enter default and default judgment as a sanction.  See, e.g., Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011); Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987) ("Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices.").  Before doing so, however, five factors must be considered: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

2. In consideration of the factors, the court begins by observing that Defendant failed to comply with the order requiring it to obtain counsel by July 25, 2016, or face the consequences now under consideration.  Dkt. No. 33.  This fact is dispositive of three of five relevant factors.  Indeed, under the circumstances "[w]here a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default."  Id. at 1412.  "Therefore, it is the third and fifth factors that are decisive."  Id.

3. As to the third factor, the court finds that the risk of prejudice to Plaintiff weighs significantly in favor of imposing a default because, without doing so, Plaintiff cannot proceed to a resolution of its case unless Defendant retains new counsel.  See United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.").  Defendant has demonstrated an unwillingness to retain counsel or request additional time to locate counsel, despite the opportunity provided by the court.

4. As to the fifth factor, the court is unable to discern a lesser sanction that is appropriate to the situation.  Again, unless Defendant voluntarily retains counsel - which it has chosen not to do - there is simply no way for this case to resolve short of an order striking

Defendant's Answer and entering its default.

Thus, based on the foregoing, Plaintiff's motion (Dkt. Nos. 35, 36) is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED insofar as it requests an order striking Defendant's Answer and entering its default.  Accordingly, the Answer filed on March 30, 2016 (Dkt. No. 21) is STRICKEN and Defendant's default is ENTERED as of this date.

However, the motion is DENIED WITHOUT PREJUDICE insofar as it also requests the entry of a default judgment against Defendant.  In this circuit, several factors must be considered before a default judgement can be entered, none of which are addressed by Plaintiff in the instant motion.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Thus, Plaintiff shall refile a motion for entry of default judgment against Defendant, this time with a discussion of the Eitel factors, on or before **September 15, 2016**, at which time the matter will be deemed submitted for consideration without a hearing.

In light of this order, the Case Management Conference scheduled for August 25, 2016, is VACATED.

**IT IS SO ORDERED.**

Dated:  August 22, 2016



EDWARD J. DAVILA
United States District Judge

---

3

Case No.: 5:15-cv-02096-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE ANSWER, ENTER DEAFULT AND FOR DEFAULT JUDGMENT