UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED GENETICS SEEDS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ZHANGYE XINZE AGRICULTURAL DEVELOPMENT CO., LTD,<br><br>    Defendant. | Case No. 5:15-cv-02096-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 40 |

    After Defendant Zhangye Xinze Agricultural Development Co., Ltd. ("Defendant") failed to comply with an order requiring it to obtain counsel by July 25, 2016, this court issued an order striking its Answer and entering default. Dkt. No. 38. The court also ordered Plaintiff United Genetics Seeds Company ("Plaintiff") to re-file a motion for entry of default judgment which discusses the factors outlined in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986). Plaintiff has done so, and that motion is presently before the court. Dkt. No. 40.

    Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully considered the motion for entry of default judgment in conjunction with the record, the court finds, concludes, and orders as follows:

    1.    Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

    2.    The Ninth Circuit has provided seven factors for consideration by the district court to determine whether to enter a default judgment, known commonly as the Eitel factors. They are:

1

Case No.: 5:15-cv-02096-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.  When assessing these factors, all well-pled factual allegations in the complaint are taken as true, except those with regard to damages.  Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

3. As to the first factor, the court previously found that Plaintiff would be significantly prejudiced in the absence of a resolution through default because this case cannot otherwise proceed without counsel for Defendant.  See United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.").  That observation still remains true, and this factor weighs in favor of default judgment.

4. As to the second and third factors, Plaintiff's substantive claim appears meritorious and the Complaint is sufficiently pled.  Here, Plaintiff alleges that Defendant demanded payment on a contract for seeds that it did not order, and has submitted a declaration from its Vice President and Director supporting the factual allegations in the Complaint.  See Decl. of Norma Ludergnani, Dkt. No. 35.  Through this litigation, Plaintiff seeks declaratory relief and a determination that it owes nothing under the purported contract Defendant produced as a basis for its demand.  These factors also weigh in favor of default judgment.

5. As to the fourth factor, Plaintiff does not seek monetary damages other than its costs.  This factor therefore weighs in favor of default judgment.

6. As to the fifth factor, there is no dispute of material fact.  Indications that there exists a dispute of material fact can weigh against entry of default judgment.  See Eitel, 782 F.2d at 1471-72.  But here, Defendant has not disputed any of Plaintiff's contentions since Defendant failed to respond to either the Complaint, and the material facts pled in the Complaint are supported by declaration.

7. For the sixth factor, it is unlikely that default was the result of excusable neglect.

1   This action was filed over a year ago, and while Defendant initially appeared, its attorney withdrew due to Defendant's failure to pay. Since then, Defendant has not participated and has failed to comply with the order to retain new counsel despite having been served with that order. Dkt. No. 34. Consequently, this factor weighs in favor of default judgment.

8.   Finally, the seventh factor weighs in favor of default judgment because "although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse to litigate." J & J Sports Prods, Inc. v. Concepcion, No. 10-CV-05092, 2011 U.S. Dist. LEXIS 60607, at *5, 2011 WL 2220101 (N.D. Cal. June 7, 2011). Thus, the general policy in favor of merits decisions is outweighed by the specific considerations made in this case. As such, this factor does not prevent entry of default judgment here.

Based on the foregoing, Plaintiff's motion for entry of default judgment (Dkt. No. 40) is GRANTED. Judgment shall be entered in favor of Plaintiff and against Defendant, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  September 21, 2016



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:15-cv-02096-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT